IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Diane W. Hyrne, Richard A. Hyrne, and Richard A. Hyrne II, ) | C/A No. 2:06-CV-0584-DCN |
| Plaintiffs, ) | |
| vs. ) | **ORDER** and **OPINION** |
| Allstate Insurance Company, ) | |
| Defendant. ) | |

## I.  Background

On January 17, 2006, plaintiffs Diane W. Hyrne, Richard A. Hyrne, and Richard A. Hyrne, II ("plaintiffs") filed a complaint in the Berkeley County Court of Common Pleas alleging that Allstate Insurance Company ("Allstate" or "defendant") did not make a meaningful offer of Underinsured Motorist coverage ("UIM") to plaintiffs. On February 20, 2006, Allstate filed its Answer and Counterclaim. Allstate then filed for removal on February 24, 2006, claiming this court has jurisdiction under 28 U.S.C. §§ 1332 and 1441 based on diversity of citizenship. On March 27, 2006, plaintiffs moved to remand, arguing that Allstate waived its right to removal when it presented its Answer and Counterclaim in state court. Plaintiffs also argue that this court should not exercise its discretionary jurisdiction in this declaratory judgment action. The court heard oral arguments on June 1, 2006.

## II.  Facts

On August 24, 2002 Richard A. Hyrne, II, ("Hyrne") was injured in an automobile accident caused by a third party. As a result of the accident, Hyrne sustained

severe injuries. The third party's liability coverage was not adequate because plaintiffs' alleged damages exceeded the third party's coverage limits.

Plaintiffs currently hold two policies with Allstate, which name Richard A. Hyrne and Diane W. Hyrne as the named insureds.[1] Plaintiffs do not have UIM coverage under these policies. Plaintiffs claim that Allstate did not make them a meaningful, good faith offer of UIM coverage,[2] and they seek to reform the policy to provide UIM coverage with limits equal to their liability insurance coverage.

### III.    Discussion

Plaintiffs acknowledge that defendant had a right to removal under 28 U.S.C. § 1441, but they claim that defendant waived its right to remove because it took the affirmative step of filing a counterclaim and discovery in state court. Plaintiffs further ask that this court not exercise discretionary jurisdiction over the declaratory judgment action. Because this court declines to exercise its discretionary jurisdiction in this matter pursuant to 28 U.S.C. § 2201, remand is appropriate and the issue of waiver need not be addressed.

A.    Applicable Law

Courts have been reluctant to exercise jurisdiction over declaratory judgment actions relating to state law insurance issues. See, e.g., Wilton v. Seven Falls Co., 515

---

[1] Under these policies, plaintiffs hold liability limits of $100,000 per person, $300,000 per accident, and $50,000 for property damage.

[2] In order to be a "meaningful offer" of UIM coverage, an offer must "intelligibly advise the insured of the nature of UIM coverage." Nationwide Mut. Ins. Co. v. Powell, 292 F.3d 201, 205 (4th Cir. 2002) (internal citations omitted).

U.S. 277, 290 (1995); American Motorists Ins. v. Commonwealth Med. Liab. Ins. Co., 306 F. Supp.2d 576 (E.D.V. 2004), 306 F. Supp.2d at 579; Mitcheson v. Harris, 955 F.2d 235 (4th Cir. 1992). The Fourth Circuit identified four factors in determining whether to exercise jurisdiction over declaratory judgment actions:

> A district court should take into account considerations of federalism, efficiency, and comity, and in particular, courts should consider: (1) strength of state's interest, (2) whether issue raised can be more efficiently resolved in state court action, (3) whether permitting action to go forward would result in unnecessary "entanglement" between federal and state courts, and (4) whether federal action is being used merely as a device for procedural fencing.

American Motorists, 306 F. Supp. 2d at 576; see also, Netherlands Ins. Co. v. Cockman, 342 F. Supp. 396 (M.D.N.C. 2004); Myles Lumber Co. v. CNA Fin. Corp., 233 F.3d 821 (4th Cir. 2000).

### B.     Analysis

Defendant argues that this court should not abstain from hearing this case under 28 U.S.C. § 2201. Defendant claims that the complaint wrongfully describes the cause of action as a declaratory judgment action. Defendant bases its argument on plaintiffs' request for reformation of the insurance contract, which defendant argues is relief beyond that allowed in a declaratory judgment; however, there have been many insurance cases which have asked for reformation in a declaratory judgment action. See, e.g., Graham v. State Farm Mut. Auto. Ins. Co., 459 S.E.2d 844 (S.C. 1995); Nationwide Mut. Ins. Co. v. Prioleau, 597 S.E.2d 165 (S.C. Ct. App. 2004); Lopez v. Nat'l. Gen. Ins. Co. v. Prioleau, 417 S.E.2d 864 (1992).

The Federal Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of the appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

In Netherlands Ins. Co. v. Cockman, a North Carolina district court stated that "this circuit's court of appeals has acknowledged that a state court will have a particularly strong interest in resolving an issue of state law that is particularly "close," "difficult," or "problematic." Netherlands, 342 F. Supp. 2d at 401. Furthermore, "[s]tate courts have a particular interest in deciding questions of insurance law." Beach Cove Assoc. v. U.S. Fire Ins. Co., 903 F. Supp. 959 (D.S.C. 1995).

Plaintiffs argue that the recent South Carolina Supreme Court decision, Floyd v. Nationwide Ins. Co., 626 S.E.2d 6 (S.C. 2005), has brought to light a new issue in analyzing the meaningfulness of UIM offers.[3] They further argue that this issue gives the

---

[3] In Floyd, the South Carolina Supreme Court ruled that the insured must personally mark, select, and sign the UIM offer; stating: "In imposing these requirements, the legislature apparently recognizes that an insured person who is required to personally complete an offer form inevitably will find it necessary to seek further explanation from the insurance agent when he or she is unable to complete the form due to a lack of knowledge or understanding of the concepts for UM and UIM coverages." Floyd v. Nationwide Ins. Co., 626 S.E.2d 6 (S.C. 2005). Therefore the insured must completely mark and fill out the UIM offer form, as opposed to simply allowing the insurance agent or an employee to fill out the form and have the insured sign the form. Id. at 12. "If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the policy will be reformed . . ." Id. at 11 (internal citations omitted). Because Floyd has re-defined how a meaningful offer is made, the courts must now conclude not only that a meaningful offer was made and the proper form signed, but also if the offer was properly administered in accordance with the statute.

4

state a heightened interest in deciding this action. In response, defendant points to South Carolina's test for determining whether a meaningful offer of UIM has been made.[4] According to defendant, the state's interest is lessened because it is a settled issue of state law. However, in light of the complicated nature of determining UIM coverage, this court agrees with plaintiffs that South Carolina has a strong interest in deciding whether there was a meaningful offer of UIM. Mitcheson, 955 F.2d at 238.

Remand will also allow an efficient resolution of this action. Rule 57 of the South Carolina Rules of Civil Procedure states:

> The procedure for obtaining a declaratory judgment pursuant to Code §§ 15-53-10 through 15-53-140, shall be in accordance with these rules . . . The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

S.C. R. Civ. P. Rule 57 (emphasis added). Accordingly, this action may be advanced on the state court docket and eligible to be resolved more efficiently in state court. Additionally, plaintiffs have only settled part of their claims with the third party in the related state court action.[5] "As to the entanglement of the federal and state court systems, any decision this court makes regarding UIM coverage will preclude the parties from

---

[4] The four-part test for determining whether a meaningful offer of UIM has been made is: (i) the insurer's notification process must be commercially reasonable, whether oral or in writing; (ii) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (iii) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (iv) the insured must be told that optional coverages are available for an additional premium. State Farm Mut. Auto. Ins. Co. v. Wannamaker, 354 S.E.2d 555, 556 (S.C. 1987).

[5] In his Complaint, plaintiff refers to his cause of action against Chadwick D. Winn for injuries and other damages he sustained as a result of the automobile accident on August 24, 2002. (Compl. ¶ 8.)

relitigating the issue in the state court action." Netherlands, 342 F. Supp. 2d at 409.[6]

"There is a clear threat of unnecessary entanglement between the state and federal courts in the case, and the factor weighs against this court in exercising its jurisdiction." Id. at 409-10.  Because plaintiffs have litigation pending in a related state case, any decision this court makes regarding UIM coverage could potentially create an unnecessary entanglement between state and federal court.

The factors for determining whether to exercise jurisdiction over this declaratory judgment action clearly favor remanding the case to state court.

## IV. Conclusion

It is therefore, **ORDERED**, for the foregoing reasons, that plaintiffs' Motion to Remand is hereby  **GRANTED**.

**AND IT IS SO ORDERED**.

**David C. Norton**
**United States District Judge**

**July 7, 2006**
**Charleston, South Carolina**

---

[6] In Netherlands, an uninsured motorist (UM) carrier sought a declaratory judgment regarding its obligation to provide UM coverage to its insured in a pending personal injury lawsuit filed in state court by the insured against an uninsured motorist.